UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| JIMMY T. MALLORY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CAUSE NO.  4:06-CV-136 AS |
| v. ) | |
| ) | |
| ERNIE WINCHESTER, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### *OPINION AND ORDER*

Jimmy T. Mallory, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. PRO. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Weiss v. Colley*, 230 F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements:  First, the plaintiff must allege that some person has deprived him of a federal right.  Second,

> he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Mallory alleges that he was denied the opportunity celebrate Ramadan as required by his religion. He alleges that this violates the Eighth and Fourteenth Amendments. Though neither of these amendments are applicable to this claim, the court will analyze his claims in light of the First Amendment and RLUIPA.

Under the First Amendment, prisoners "retain the right to practice their religion to the extent that such practice is compatible with the legitimate penological demands of the state." *Al-Alamin v. Gramley*, 926 F.2d 680, 686 (7th Cir. 1991). A prison regulation or policy that might otherwise unconstitutionally impinge on an inmate's First Amendment rights will survive a challenge if it is reasonably related to legitimate penological interests. *See Turner v. Safley*, 482 U.S. 78, 89 (1987) and *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 353 (1987). "The 'free' exercise of religion thus is rather a misnomer in the prison setting." *Johnson-Bey v. Lane*, 863 F.2d 1308, 1310 (7th Cir. 1988). "[T]he prison is entitled

to curtail these rights to the extent necessary to protect security." *Johnson-Bey v. Lane*, 863 F.2d 1308, 1310 (1988).

> RLUIPA provides that:
>
> > No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person –
> > > (1) is in furtherance of a compelling governmental interest; and
> > > (2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc-1(a).

RLUIPA does not define substantial burden, but in a case interpreting the land use provisions of RLUIPA, the Seventh Circuit has stated that

> a substantial burden on religious exercise is one that necessarily bears direct, primary, and fundamental responsibility for rendering religious exercise . . . effectively impracticable.

*Civil Liberties for Urban Believers v. City of Chicago*, 342 F.3d 752, 761 (7th Cir. 2003). The statute defines religious exercise to "include any exercise of religion, whether or not compelled by, or central to, a system of religious belief." 42 U.S.C. § 2000cc-5(7). Nevertheless, a substantial burden may be justified if it is the least restrictive means of furthering a compelling governmental interest.

> We do not read RLUIPA to elevate accommodation of religious observances over an institution's need to maintain order and safety. Our decisions indicate that an accommodation must be measured so that it does not override other significant interests.
> . . .

3

> Lawmakers supporting RLUIPA were mindful of the urgency of discipline, order, safety, and security in penal institutions. They anticipated that courts would apply the Act's standard with due deference to the experience and expertise of prison and jail administrators in establishing necessary regulations and procedures to maintain good order, security and discipline, consistent with consideration of costs and limited resources.

*Cutter v. Wilkinson*, 544 U.S. 709, 722-23 (2005) (citations and quotation marks omitted).

Mr. Mallory alleges that he spoke with some of the defendants before Ramadan began. He alleges that both then and later, various defendants made rude and hateful comments about Islam and his practice of it. Though such comments are unprofessional and irreverent, they do not violate either the First Amendment or RLUIPA. *See DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) ("Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws.") Therefore all such claims must be dismissed.

Mr. Mallory alleges that he was told "that I would have to accept the food trays and stockpile the food until sunset when I could eat." Complaint at 3. This was a reasonable accommodation of Mr. Mallory's desire to fast during sunrise. Though he wanted the defendants to bring him food when he was ready to eat it, neither the Constitution nor the practice of Islam require this. Nevertheless, it appears that Mr. Mallory refused to accept his meals and save them until his religion permitted him to eat, therefore he went without food. Though this was

4

clearly a problem for him, it is not one for which any of the defendants are liable. Therefore these claims must be dismissed.

Mr. Mallory alleges that later, the defendants agreed to bring him meals before sunrise and after sunset, but that he did not receive the same food as other inmates, that on three occasions the meals were smaller, and that he did not always get Kool-Aid® with dinner. Neither the Constitution nor Islam requires that he receive Kool-Aid® or the same meals as other inmates. Indeed he was afforded the opportunity to receive the same meals as other inmates at the same time that they did, but he refused to save his food until later. The fact that his demand for an alternative food distribution schedule (not required by his religion) resulted in three meals which were smaller than those served to others neither denied him adequate nutrition, nor the right to practice his religion. Therefore these claims must also be dismissed.

Mr. Mallory alleges that on one occasion, he was served a pork product rather and a substitute. Though Muslims do not eat pork, one error is insufficient to state a constitutional claim, because "[t]here is, of course, a *de minimis* level of imposition with which the Constitution is not concerned." *Ingraham v. Wright*, 430 U.S. 651, 674 (1977), *see also Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992). Therefore this claim must be dismissed.

In addition, Mr. Mallory alleges that he was denied medical treatment. In medical cases, the Eighth Amendment test is expressed in terms of whether the

5

defendant was deliberately indifferent to the plaintiff's serious medical needs. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). Twice during Ramadan, he alleges that he was brought his high blood pressure medication after sunrise. It appears that he refused this medication because of his fast. While it is unclear whether fasting required abstaining from medication and though he may have believed that he was obligated to refuse it, the defendants provision of this medication after sunrise on only two days cannot be considered deliberately indifferent to his medical needs.

Further, he also alleges that on one other occasion, he was not given a new medication because it could not be found. Even medical malpractice and incompetence do not state a claim of deliberate indifference. *Walker v. Peters*, 233 F.3d 494 (7th Cir. 2000).

> Negligence on the part of an official does not violate the Constitution, and it is not enough that he or she should have known of a risk. Instead, deliberate indifference requires evidence that an official actually knew of a substantial risk of serious harm and consciously disregarded it nonetheless.

*Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004) (citations omitted). Deliberate indifference is "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992). This total disregard for a prisoner's safety is the "functional equivalent of wanting harm to come to the prisoner." *McGill v. Duckworth*, 944 F.2d 344, 347 (7th Cir. 1991).

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.,* the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks, brackets, and citation omitted). Though it may have been negligent or unreasonable to have not found his new medication the first day that it was to have been dispensed, the inability to locate a single dose was not deliberately indifferent. Further, Mr. Mallory does not allege, and based on this complaint it would not be reasonable to infer, that he suffered any actual injury as a result of the missed medications. To prevail in a medical case, a plaintiff must demonstrate actual injury caused by the defendant's actions or omissions. *Walker v. Peters*, 233 F.3d 494, 502 (7th Cir. 2000). Therefore the medical claims will also be dismissed.

Finally, he seeks to bring these same claims based on violations of the state constitution. Because the Court has dismissed all of his federal law claims, it declines to exercise supplemental jurisdiction over these state law claims pursuant to 28 U.S.C. § 1367(c)(3). Therefore, they will be dismissed without prejudice so that they may be pursued in state court.

For the foregoing reasons, the court:

(1) **DISMISSES** the federal claims **WITH PREJUDICE** pursuant to 28 U.S.C. § 1915A; and

(2) **DISMISSES** the state claims **WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1367(c)(3).

**IT IS SO ORDERED.**

**ENTERED: December 12, 2006**

                                          **S/ ALLEN SHARP**
                                          **ALLEN SHARP, JUDGE**
                                          **UNITED STATES DISTRICT COURT**